**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STACY HIPPS,

       Plaintiff,

v.                                                        Case No.:

BOARD OF COUNTY COMMISSIONERS
OF PINELLAS COUNTY, FLORIDA,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, STACY HIPPS, by and through her undersigned counsel and sues the Defendant, BOARD OF COUNTY COMMISSIONERS OF PINELLAS COUNTY, FLORIDA, and states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3.      Plaintiff, STACY HIPPS, is an adult resident of Pinellas County, Florida.  At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

4.      Defendant, BOARD OF COUNTY COMMISSIONERS OF PINELLAS COUNTY, FLORIDA, is the governing body of Pinellas County, a political subdivision of the State of Florida, and is a governmental entity authorized to conduct business in the State of Florida and within this Judicial Circuit. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

**GENERAL ALLEGATIONS**

5.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.      Plaintiff requests a jury trial for all issues so triable.

## **FACTUAL ALLEGATIONS**

9.      Plaintiff Stacy Hipps ("Plaintiff") began her employment with Defendant Pinellas County on or about August 26, 2019, as an Administrative Support Specialist I. On July 20, 2024, Plaintiff was transferred to the Risk Management Department.

10.     Plaintiff performed her job satisfactorily throughout her employment and had no history of performance issues prior to taking medical leave in late 2025.

11.     In November 2025, Plaintiff developed a serious health condition that required medical treatment and time away from work.

12.     On November 18, 2025, Plaintiff's treating provider determined she was medically unable to work and placed her on FMLA leave and short-term disability ("STD") leave.

13.     On November 24, 2025, Plaintiff received approval notices from United Healthcare confirming that her FMLA leave was approved through January 13, 2026, and her STD leave through February 3, 2026.

14.     Plaintiff immediately notified her supervisor, Tom Boyd, of the approved FMLA and STD leave dates.

15.     During that same call on November 24, 2025, while Plaintiff was on approved FMLA leave, Boyd requested Plaintiff's PIN code to access files she had

been working on. Believing the request was work-related, Plaintiff provided the code.

16.     At all relevant times while Plaintiff was on FMLA leave, she did not have physical or electronic access to her work computer, county network, or any county files.

17.     On November 25, 2025, Boyd texted Plaintiff to call him. When she called, Boyd, with Director Keith Bentley present, accused Plaintiff of "deleting files" and "damaging county property."

18.     These allegations were false and impossible as Plaintiff had no access to any county system while on FMLA leave.

19.     Boyd and Bentley provided no documentation, details, timestamps, or evidence supporting the allegations.

20.     Approximately two hours later, Plaintiff received a Pre-Disciplinary Hearing Notice alleging the same misconduct. The County scheduled a hearing for December 3, 2025.

21.     At the December 3 hearing, Plaintiff denied the allegations and explained she did not have access to any county system while on approved FMLA leave. Defendant again provided no evidence supporting their allegations.

22.     On December 11, 2025, Plaintiff received a termination letter dated December 8, 2025, informing her she was discharged for the alleged misconduct.

23.    At the time of her termination, Plaintiff remained on approved FMLA leave, had not exhausted her 12-week entitlement, and had complied with all requirements of her leave.

24.    Defendant terminated Plaintiff while she was on protected FMLA leave and used her approved leave as a negative factor in its employment actions.

25.    Defendant's stated reasons for termination were false and pretextual, and were asserted only after Plaintiff notified her supervisor of her approved FMLA leave.

26.    Defendant's actions constitute FMLA interference because Defendant denied Plaintiff the right to reinstatement and interfered with her exercise of protected leave rights.

27.    Defendant's actions constitute FMLA retaliation because Defendant terminated Plaintiff because she exercised her right to take protected medical leave.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

28.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 27.

29.    Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.*

30.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

31.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

32.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

33.     Plaintiff's son suffered from a serious health condition within the meaning of the FMLA.

34.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.  Specifically, Defendant failed to offer Plaintiff leave under the FMLA (block and/or intermittent) for which Plaintiff was qualified.  Moreover, Defendant failed to provide Plaintiff with leave under the FMLA and therefore interfered with Plaintiff's rights under the FMLA when it terminated Plaintiff's employment.

35.     Defendant's actions constitute violations of the FMLA.

36.     As a result of Defendant's unlawful actions, Plaintiff has suffered

damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

37.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 27.

38.    Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA leave was a substantial or motivating factor that prompted Defendant to take adverse employment actions against Plaintiff, including terminating Plaintiff's employment.

39.    Defendant's actions constitute violations of the FMLA.

40.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Liquidated damages;

e.    Attorneys' fees and costs;

f.    Injunctive relief; and

g.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

41.    Plaintiff, STACY HIPPS, demands a trial by jury on all issues so triable.

**DATED** this 25th day of March, 2026.

**FLORIN | GRAY**

*Troy E. Longman, II*_____
**TROY E. LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*